IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS S. RENEHAN and CURT SKALLERUP, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 09-7315 |
| v. | ) ) | |
| SINGLES ROOFING CO., INC. an Illinois corporation, | ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Thomas S. Renahan and Curt Skallerup allege as follows:

## INTRODUCTION

1. This action arises out of a breach of contract in which two hard-working individuals gave up their stable and lucrative positions with a good company to pursue new and fulfilling executive positions and stronger financial security for their families. Based on these promises that were memorialized in their employment agreements, the plaintiffs left their high-paying, high-profile executive positions at an established company. Instead, they have found themselves in a never-ending nightmare of lies and betrayal where they have been given neither the positions they were promised nor any funds that were part of their compensation or reimbursement. This terrible predicament caused by the defendant's non-performance has left the plaintiffs' personal savings severely depleted, their families distraught, and their futures uncertain.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Thomas S. Renehan ("Renehan") is a resident of the State of New Jersey.

3. Plaintiff Curt Skallerup ("Skallerup") is a resident of the State of Texas.

4. Defendant Singles Roofing Co., Inc. ("Singles") is an Illinois corporation with its principal place of business in Elgin, IL. Robert A. Durchslag ("Durchslag") serves as the President of Singles.

5. This Court has jurisdiction over this matter because the parties are of diverse citizenship and the amount at issue is greater than $75,000. 28 U.S.C. § 1332. This Court is the appropriate venue for this matter because Singles maintains its principal place of business in this district.

**BACKGROUND**

6. In April 2009, Renehan and Skallerup each signed and executed an Executive Employment Agreement with Singles based on the representation that they would become executives at Bradco, a company that Durchslag said Singles was in the process of acquiring. Renehan's agreement is attached hereto as Exhibit A and Skallerup's agreement is attached as Exhibit B.

7. Pursuant to the agreement, Plaintiffs each resigned from Ryder Transportation Services' Fleet Management Services ("Ryder"), where they were high-level executives, to take up positions as CEO (in Renehan's case) and CFO (in Skallerup's case) at Bradco.

8. By leaving his position at Ryder, Renehan forfeited the opportunity to vest in the right to receive 15,000 shares of Ryder valued at $700,000.

9. Similarly, Skallerup forfeited the right to vest in the right to receive shares valued at $395,000 by leaving his position at Ryder.

10. In addition to these forfeitures, Plaintiffs also relinquished the opportunity to collect further Ryder salaries and bonuses.

11. Renehan uprooted his wife and children by relocating them from Weston, Florida to the New Jersey area.

12. During the move from Florida to New Jersey, Renehan repeatedly asked Durchslag to provide the promised funds for his new home in New Jersey as well reimbursement for travel and moving expenses.

13. On several occasions, Durchslag completely ignored Renehan's requests and, on other occasions, Durchslag stated that the money had been wired or that the checks had been sent although no such thing had occurred.

14. Plaintiffs continually requested their promised remuneration through numerous e-mails and phone calls. On some occasions, Durchslag completely ignored their requests, but on other occasions, he stated that he had wired or sent the checks for Plaintiffs' salaries. Again, no such thing had occurred nor have Plaintiffs received any such compensation to date.

15. Paragraph 2.1 of Plaintiffs' individual agreements assured them that if the acquisition of Bradco did not materialize, they would remain employees of Singles and would be employed "in a similar position and with substantially similar duties and responsibilities."

16. In October 2009, six months after signing his employment agreement with Singles and after receiving no substantive or reliable information from Durchslag regarding the progress of the Bradco deal, Renehan learned that no deal was in the works with Bradco.

17. Plaintiffs have received no compensation under their employment agreements with Singles to date.

## **COUNT I – BREACH OF CONTRACT**

18. Plaintiffs incorporate paragraphs 1-17 as though fully set forth herein.

19. In April 2009, Durchslag, acting on behalf of Singles, signed and executed a written contract with Renehan.

20. In April 2009, Durchslag, acting on behalf of Singles, signed and executed a written contract with Skallerup.

21. The consideration set forth in the written agreement was fair and reasonable.

22. Plaintiffs have acted in accordance with the terms and conditions of their respective contracts and have fully performed all obligations arising out of their contracts.

23. Defendant has materially breached the contracts with Renehan and Skallerup because Defendant has withheld and continues to withhold Plaintiffs' compensation and related business and moving expenses that were promised under the contract.

24. Defendant promised that if Plaintiffs left their high-level positions with Ryder, they would be given executive positions with Bradco when the acquisition was completed. In the meantime, they would be Singles employees and would continue their employment with Singles if the Bradco deal failed. Indeed, there is no deal with Bradco and thus Plaintiffs should be receiving compensation as Singles employees.

25. Plaintiffs left their very lucrative positions with Ryder and in Renehan's case, moved his family clear across the country.

26. To date, Plaintiffs have received no compensation for their employment at Singles nor have they been reimbursed for moving and travel expenses.

27. Further injustice can only be prevented if Defendant performs its obligations under the contracts and provides Plaintiffs with their promised compensation and reimbursement for their expenses.

WHEREFORE, Plaintiffs Thomas S. Renehan and Curt Skallerup respectfully request that this Court declare and order:

A. That the contract executed between Plaintiffs and Defendants be enforced;

B. That Renehan be awarded damages in excess of $1,000,000;

C. That Skallerup be awarded damages in excess of $1,000,000;

D. That Renehan be reimbursed for his out-of-pocket expenses totalling $126,277.95.

E. That Skallerup be reimbursed for his out-of-pocket expenses totalling $34,210.40.

F. That Plaintiffs be awarded costs, including attorneys' fees; and

G. That Plaintiffs be awarded further relief as this Court may deem equitable and proper.

Dated: November 20, 2009

Plaintiffs Thomas S. Renehan and Curt Skallerup

By: /s/ Hugh J. Totten

One of Their Attorneys

Hugh J. Totten (ARDC # 6191810)
Lisa R. Castle (ARDC # 6296050)
VALOREM LAW GROUP, LLC
35 E. Wacker Drive, Ste. 2900
Chicago, IL 60601
hugh.totten@valoremlaw.com
lisa.castle@valoremlaw.com
312-676-5460 (phone)
312-676-5499 (facsimile)